UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VESAL YAGHOOBI,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>VINFEN COMMUNITY BEHAVIORAL<br>HEALTH CENTER, ET AL.,<br><br>　　　　Defendants. | Civil Action No. 23-cv-12393-DLC<br><br><br>**ORDER** |

**CABELL, Magistrate Judge**

　　Vesal Yaghoobi, a resident of Fairfax, Virginia, initiated this action by filing a *pro se* complaint accompanied by a motion for leave to proceed *in forma pauperis*. ECF Nos. 1, 2. Yaghoobi states that on August 25, 2023, she received professional services from the defendants in Lowell, Massachusetts, and that they failed to respond to her subsequent requests for copies of her medical record. Yaghoobi contends that the defendants violated the federal Health Insurance Portability and Accountability Act (H.I.P.A.A.) and 45 CFR § 164.524, thereby creating federal question jurisdiction. For relief, she seeks equitable and monetary relief ($200,000) and a copy of her medical record.

　　On December 19, 2023, Yaghoobi filed a motion seeking to expedite review. ECF No. 4.

　　Upon review of the pleadings, the Court hereby orders:

　　1.　　The motion for leave to proceed *in forma pauperis* [ECF No. 2] is DENIED without prejudice. Yaghoobi shall, on or before January 19, 2024, file a renewed motion for leave to proceed *in forma pauperis* accompanied by supplemental financial information as outlined below.

A person commencing a non-habeas civil action must (1) pay a $350 filing fee and a $54 administrative fee; or (2) or file an application to proceed without prepayment of fees (also referred to as a motion or application to proceed *in forma pauperis*). *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). A person seeking to proceed *in forma pauperis* in a federal district court must submit a financial affidavit that identifies all of the litigant's assets and shows that she is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). The determination of what constitutes "unable to pay" or unable to "give security therefor," is left to the sound discretion of the district court based on the information submitted by the plaintiff. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd,* 52 Fed. Appx. 157 (2d Cir. 2002) (citing *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982)).

"[O]ne must [not] be absolutely destitute to enjoy the benefit of the [*in forma pauperis*] statute" and the [*in forma pauperis*] statute does not require an individual to "contribute ... the last dollar they have or can get." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, "[i]n assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman*, 195 F. Supp. 2d at 537 (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978)).

In her motion for leave to proceed *in forma pauperis*, Yaghoobi represents that she has employment income and that in addition to her regular monthly expenses, she has had extra expenses related to legal proceedings. However, it is unclear how she is able to access the basic necessities of life in light of her financial obligations. Yaghoobi states that she can submit further documentation upon request and the court would welcome any additional information

that would assist the Court in evaluating whether she qualifies for *in forma pauperis* status. Accordingly, if Yaghoobi wishes to proceed without prepayment of the filing fee, she must file a renewed motion for leave to proceed *in forma pauperis* by submitting a completed Application to Proceed in District Court Without Prepaying Fees or Costs.  She must also supplement the form with additional information demonstrating how she is provided the basic necessities of life and must report any support—monetary or in kind—she has received from other individuals such as a relative or other next friend.

      2.      In addition, Yaghoobi shall, on or before January 19, 2024, file an amended complaint that both asserts a basis for this court's subject matter jurisdiction and states a plausible claim for relief.

      Regarding subject matter jurisdiction, a court has an obligation to inquire *sua sponte* into its own jurisdiction.  *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gun v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon–Serra v. Wilmington Trust Co.,* 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

      To invoke this court's subject matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter.  *See* 28 U.S.C. § 1331 (federal question) and § 1332 (diversity).  To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, *see id.* at § 1332(a)(1)*,* and that the amount in controversy in this

action exceeds $75,000. *See id.* at § 1332(b). In conducting this review, the court liberally construes Yaghoobi's complaint because she is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Regarding Yaghoobi's claim, it is presently subject to dismissal in the court's view because the statute she invokes does not provide for a private right of action. A private individual may sue under a federal statute only when Congress intended to create a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) ("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit").

Here, Yaghoobi contends that the defendants violated the federal Health Insurance Portability and Accountability Act (H.I.P.A.A.) and 45 CFR § 164.524, thereby creating federal question jurisdiction. However, "HIPAA does not create a private right of action." *Miller v. Nichols*, 586 F.3d 53, 59-60 (1st Cir. 2009); *see also Trivedi v. Gen. Elec. Co.*, No. 19-11862-PBS, 2020 WL 9744753 at *6, 2020 U.S. Dist. LEXIS 255394 at *13 (D. Mass. Aug. 11, 2020) (plaintiff's H.I.P.A.A. claims "should be dismissed because there is no private right of action for violation of HIPPA or its implementing regulations").

Yaghoobi's allegations also do not provide a sufficient basis for federal question jurisdiction or for this court's subject matter jurisdiction on diversity grounds. Here, diversity of citizenship appears to exist between the parties; however, Yaghoobi has not identified a claim under state law and there is no basis to find that the amount in controversy exceeds $75,000. "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "[A] court can dismiss an action for insufficiency of the amount in controversy only when, from the face of the pleadings,

it is apparent, to a legal certainty, that the plaintiff was never entitled to recover a sum equal to, or in excess of, the jurisdictional minimum." *Esquilin-Mendoza v. Don King Productions, Inc.*, 638 F.3d 1, 4 (1st Cir. 2011) (citations omitted).  Here, Yaghoobi does not indicate precisely what her damages are but any monetary loss is unlikely to exceed $75,000.

Although it is unclear whether Yaghoobi can remedy the jurisdictional deficiencies of this action, if she nonetheless wishes to proceed, she must on or before January 19, 2024, file an amended complaint that asserts a basis for this Court's subject matter jurisdiction and a renewed motion for leave to proceed *in forma pauperis*. Failure to comply with this Order in the requisite time frame likely will result in the dismissal of this action.

3. The motion for review of cases [ECF No. 4] seeking to expedite the review of C.A. Nos. 23-12393-DCL, 23-12464-DCL, and No. 23-12479-DCL is DENIED to the extent the motion seeks relief in other actions.  Such relief is denied without prejudice to seeking relief in the appropriate action.  In the future, documents submitted for filing must contain one case number, the case number for which the document is to be filed.

/s/ Donald L. Cabell  
DONALD L. CABELL, U.S.M.J.

DATED: December 29, 2023